# United States District Court
## for the Northern District of Oklahoma

Case No. 22-CR-206-JDR

United States of America,

*Plaintiff*,

*versus*

Joshua Wayne Willis,

*Defendant*.

## OPINION AND ORDER

Before the Court is an Unopposed Motion to Continue Jury Trial [Dkt. No. 83] filed by Defendant Joshua Wayne Willis ("Defendant"). The Government does not oppose the requested continuance. *Id.* at 3. For the reasons set forth below, the Motion is GRANTED.

The Motion falls under §§ 3161(h)(1)(A) and 3161(h)(7)(A) of the Speedy Trial Act. These sections permit a federal district court to exclude any periods of delay resulting from (1) any proceedings, including examinations, to determine the mental competency of the defendant, and (2) a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance...would deny counsel for the defendant...the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Defendant requests additional time to explore a plea of not guilty by reason of insanity. Dkt. No. 83 at 3. At the pretrial conference held in this matter, counsel for Defendant acknowledged that, while Defendant has undergone evaluations pertaining to fitness to stand trial, no evaluation has been conducted that specifically pertains to an insanity defense. The Court was advised by the Government that the requested evaluation could result in a delay of approximately six months. Both Defendant and his counsel acknowledged the extent of the potential delay and expressed their desire to continue the proceedings notwithstanding that delay. Defendant has executed a speedy trial waiver requesting continuance of the trial in this case until the May 2024 jury docket, asking the Court to exclude any period of delay for an ends of justice continuance. Dkt. No. 87.

The Court has considered the Defendant's interest in pursuing all available defenses, the interests of justice, and the public's interest in the speedy resolution of criminal cases. After considering these factors, the

Case No. 22-CR-206

Court finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters. Dkt. No. 83

IT IS THEREFORE ORDERED that the Unopposed Motion to Continue Jury Trial [Dkt. No. 83] is GRANTED. The jury trial set for March 25, 2024 at 9:30 a.m. is stricken. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Pretrial conference: | 4/26/2024 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 4/29/2024 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 5/2/2024 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 5/2/2024 | by 4:00 pm |
| Jury trial: | 5/6/2024 | at 9:00 am |

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

Case No. 22-CR-206

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

IT IS FURTHER ORDERED that the time from March 25, 2024, inclusive, to May 6, 2024, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

DATED this 11th day of March 2024.

JOHN D. RUSSELL
*United States District Judge*