# United States District Court
## for the Northern District of Oklahoma

Case No. 22-cr-206-JDR

United States of America,

*Plaintiff*,

*versus*

Joshua Wayne Willis,

*Defendant*.

## OPINION AND ORDER

Defendant Joshua Wayne Willis is charged with kidnapping E.A. in violation of 18 U.S.C. §§ 1151, 1152, and 1201(a)(2). Dkt. 13. The alleged victim of the kidnapping, E.A., will not testify at trial because she is deceased. Dkt. 54 at 3. Mr. Willis moved for an order to prevent the Government from referring to E.A. as a "victim" and to exclude E.A.'s statements made to law enforcement following the alleged incident. Dkt. 54. The Government agrees not to refer to E.A. as a "victim," rendering MOOT that part of Mr. Willis's motion. Dkt. 101 at 2.

The second part of Mr. Willis's written motion seeks to exclude statements made by E.A. during a post-incident police interview in which she referred to her tribal status, her written witness statement, and the statements she made to assist in the production of the lethality assessment. Dkt. 54 at 4. The Government agrees that these statements are inadmissible hearsay, and it does not intend to offer those statements as evidence. Dkt. 101 at 2. This second part of Mr. Willis's written motion is denied as MOOT.

No. 22-cr-206

During a motions hearing on October 31, 2023, Mr. Willis orally expanded on his motion in limine and asked the Court to exclude E.A.'s statements made during the alleged incident, which are captured on 911 calls and an officer's bodycam. *See* Dkt. 101 at 1-2. These statements include (1) Defendant's 911 phone call in which E.A. can be heard in the background; (2) E.A.'s phone call to her mother, which her mother then relayed to 911; and (3) E.A.'s phone call with Tulsa Police Officer Megan Hill. *Id.* at 3. According to the Government's response and Defendant's argument at the hearing, Defendant believes these statements should be excluded because they are testimonial, and thus inadmissible, unless Mr. Willis has the right to confront E.A. during cross examination (which, of course, is impossible). *Id.* at 2. The Government argues that the statements are not testimonial and therefore admissible because E.A. "described the current events requiring police assistance." *Id.* at 4 (citing *Davis v. Washington*, 547 U.S. 813, 827 (2006)).

The Sixth Amendment's Confrontation Clause guarantees every criminal defendant the right to confront the witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (citing *Davis*, 547 U.S. at 822). But the right of confrontation exists only when the challenged evidence is testimonial. *Shaleen v. McCollum*, No. 10-CV-758-GKF-TLW, 2013 WL 5838419, *10 (N.D. Okla. Oct. 30, 2013). "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis*, 547 U.S. at 822 (holding that statements made to a 911 operator during a domestic emergency were nontestimonial while similar statements made to police at the secured scene of the domestic disturbance were testimonial). The inquiry must consider all relevant circumstances. *Michigan v. Bryant*, 562 U.S. 344, 367-369 (2011). Part of that inquiry is to determine the "informality of the situation and the interrogation" to know whether the primary purpose of the discussion was to obtain evidence or to respond to a police emergency. *Id.* at 377.

No. 22-cr-206

E.A.'s statements to the 911 operator occurred during a police emergency in which the 911 operator was inquiring about the ongoing nature of the alleged kidnapping. The same holds true for E.A.'s calls to her mother and to Officer Hill. Each statement was made for the purpose of describing the ongoing nature of the alleged kidnapping to seek assistance from the police, not a police interrogation to elicit statements to be used in court. The Court preliminarily finds that the statements referred to in the Government's response are the type that do not implicate the Confrontation Clause.

Having decided the Confrontation Clause issue, the question turns to the admissibility of the statements under the Federal Rules of Evidence. The Court will not, at this time, decide the admissibility of these statements. The Court RESERVES RULING on admissibility until trial and will hear any objection based on the Federal Rules of Evidence.

DATED this 9th day of July 2024.

*[signature]*

JOHN D. RUSSELL
*United States District Judge*